DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SIMON TAYLOR,**
Appellant,

v.

**TOWN CLERK OF PALM BEACH,
PLANNING, ZONING AND BUILDING DEPARTMENT OF TOWN OF
PALM BEACH**, **DAVID DONTA, WAYNE BERGMAN, KIRK BLOUIN** as
Town Manager of Town of Palm Beach, and **DOES 1-50,**
Appellees.

No. 4D2025-0965

[July 22, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Carolyn Ruth Bell, Judge; L.T. Case No.
502024CA004394XXXAMB.

Simon Taylor, Palm Beach Gardens, pro se.

Joanne M. O'Connor, Brett T. Lashley, and Lainey W. Francisco of
Jones Foster P.A., West Palm Beach, for appellees.

GROSS, J.

In a lawsuit where a plaintiff claims that a town has withheld records
in violation of chapter 119, Florida Statutes (2024), we hold that the town's
departments and employees were properly dismissed as parties to the
lawsuit.

In 2024, Simon Taylor filed suit against the Town of Palm Beach to
obtain records pursuant to the Public Records Act, chapter 119, Florida
Statutes (2024).

In addition to the Town, Taylor's amended complaint also named (1)
Town Clerk of Palm Beach, (2) Planning, Zoning and Building Department
of Town of Palm Beach, (3) David Donta as the contact person for public
records requests for Planning, Zoning, and Building Department, (4) Wayne
Bergman, the director of Planning, Zoning, and Building Department, (5)

Kirk Blouin, Town Manager, and (6) unknown employees 1-50,[1] each a custodian of public records. This opinion will collectively refer to those listed in this paragraph as the Appellees.

The Town and the named defendants moved to dismiss the amended complaint. Among other things, the Town argued that the Town's municipal departments are under the Town's auspices, so those departments are not capable of bringing suit or being sued. As to the individual Appellees, the Town argued that the claim was redundant, because all of the Appellees were sued in their capacity as Town employees, and chapter 119 does not provide that a prospective plaintiff might bring suit against every individual Town employee who might have access to a public record.

The circuit court granted the motion to dismiss without prejudice as to the Town, but agreed with the Appellees that they were not proper parties, and therefore granted the motion to dismiss with prejudice as to those parties. Taylor appeals from the circuit court's partial final order dismissing the amended complaint against the Appellees with prejudice.

We affirm the partial final order. Chapter 119 makes disclosure of public records the duty of an "agency." Section 119.01(1) provides:

> It is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a *duty of each agency.*

§ 119.01(1), Fla. Stat. (2024) (emphasis supplied).

Section 119.011(2), Florida Statutes (2024) defines "[a]gency" as "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, . . . ." The section then adds "any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."

---

[1] In the amended complaint, Taylor referred to these individuals as DOEs 1-50, each "a custodian of public records, or is a person having public records subject to [Taylor]'s public records request[,] or is a municipal officer or other agency of the Town [], or [is] acting on behalf of the Town in relation to public records requested by [Taylor]."

As worded, section 119.011(2) lists what entities constitute an agency under section 119.01(1), and then extends those listed entities to "any other public or private agency, person, partnership, corporation, or business entity" acting on behalf of the listed entities. The term "person" appears only after the identified governmental entities to connote that those acting on an entity's behalf can be compelled to comply. The notion behind the broad definition is simple—all those who work for a government agency must comply with the obligation to disclose public records.

Indeed, chapter 119 contemplates that requests for public records be directed to the governmental entity that has control over the records, electronic or otherwise.

Elsewhere in chapter 119, the statute uses the term "agency" to describe the obligations of the overarching governmental entity under the statute, rather than the individual employees or subdivisions of the entity.

For example, section 119.01(2)(b) states that in designing an electronic recordkeeping system, "an agency must consider whether such system is capable of providing data in some common format[.]" § 119.01(2)(b), Fla. Stat. (2024). And section 119.01(2)(f) provides that "[e]ach agency that maintains a public record in an electronic recordkeeping system shall provide to any person, pursuant to this chapter, a copy of any public record in that system[.]" § 119.01(2)(f), Fla. Stat. (2024). Under these sections, it would be the Town that selects and pays for an electronic recordkeeping system, not any individual employee.

Similarly, chapter 119 contemplates that a court order will be directed to an "agency," not to an individual employee or agency department. Chapter 119.11 provides:

> Whenever a court orders an *agency* to open its records for inspection in accordance with this chapter, the agency shall comply with such order within 48 hours, unless otherwise provided by the court issuing such order, or unless the appellate court issues a stay order within such 48-hour period.

§ 119.11(2), Fla. Stat. (2024) (emphasis supplied).

Section 119.12(1) provides that a "civil action" can be filed against an "agency" and that a court must "award the reasonable costs of enforcement, including reasonable attorney fees, against the responsible agency if the court determines that . . . [t]he agency unlawfully refused to permit a public record to be inspected or copied[.]" § 119.12(1)(a), Fla. Stat. (2024). Such

3

"[p]ayments by the responsible agency may include only the reasonable costs of enforcement, including reasonable attorney fees, directly attributable to a civil action brought to enforce the provisions of this chapter." § 119.12(4), Fla. Stat. (2024). Where a court determines that a complainant has participated in a chapter 119 lawsuit "for an improper purpose," the court must award the "agency" fees and costs from the complainant. § 119.12(3), Fla. Stat. (2024).

No chapter 119 provision suggests that an agency employee or subdivision is a proper party to an enforcement lawsuit or individually responsible for attorney's fees or other costs of enforcement for violating the statute.

When chapter 119 specifies an individual's responsibility, the term "person" is used. Thus, section 119.07(1)(a) provides that "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so[.]" § 119.07(1)(a), Fla. Stat. (2024). *See also* § 119.07(1)(d), Fla. Stat. (2024) (referring to a "person who has custody of a public record who asserts that an exemption applies . . . ."); § 119.10(2), Fla. Stat. (2024) (specifying criminal penalties for a "person" who "willfully and knowingly" violates certain provisions of chapter 119).

The circuit court's dismissal of the Appellees from the lawsuit is consistent with a common sense reading of chapter 119. Complete relief can be granted in a chapter 119 enforcement proceeding by bringing suit only against the overarching agency, without including the countless employees who have a duty to disclose identical to their employer. In fact, this view of the proper party is consistent with Article I, Section 24 of the Florida Constitution, which focuses on the responsible agency, not the individuals acting on behalf of the agency.[2] "The legislative implementation of this constitutional mandate is codified in chapter 119, Florida Statutes, the 'Public Records Act.'" *Bd. of Trs., Jacksonville Police & Fire Pension Fund v. Lee*, 189 So. 3d 120, 124 (Fla. 2016). Suing 50 employees of a small town, if done to complicate a case or run up litigation expenses, may well be some evidence of an "improper purpose" contemplated by section 119.12(3), Fla. Stat. (2024).

---

[2] Article I, section 24 of the Florida Constitution provides individuals with "the right to inspect or copy any public record made or received in connection with the official business of any public body . . . except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution." Art. I, § 24(a), Fla. Const.

In addition to chapter 119's language, Florida case law supports the dismissal of the amended complaint against the Town's Planning, Zoning, and Building department with prejudice. In *Florida City Police Department v. Corcoran,* 661 So. 2d 409, 410 (Fla 3d DCA 1995), the Third District reversed and vacated a default judgment against the Florida City Police Department as it was "not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued." Citing to article VIII, section 2(b) of the Florida Constitution and section 166.021, Florida Statutes, the Third District held that the City, not the Police Department, was the proper defendant. *Id.* at 410–11.

Of similar import is *North Miami Beach Water Board v. Gollin*, 171 So. 2d 584, 585–86 (Fla. 3d DCA 1965). There, the Third District explained that because the North Miami Beach Water Board did not have the "power to sue or be sued," which "is an essential [element] to its being an autonomous entity," the water board "is in fact a department of [City of North Miami Beach] and, therefore, as such had no standing to intervene or become a party respondent in the proceedings" involving alleged wrongful termination of employment.

When applied to this case, *Florida City* and *North Miami Beach* compel the conclusion that the Town's Planning, Building, and Zoning Department was not a proper party in this lawsuit.

Our conclusion here is also consistent with the result reached in cases arising from lawsuits that have included the employees of governmental entities, under statutes or fact situations outside of chapter 119.

"A suit against a defendant in his official capacity is, in actuality, a suit against the governmental entity which employs him." *Braden Woods Homeowners Ass'n v. Mavard Trading, Ltd.*, 277 So. 3d 664, 670 (Fla. 2d DCA 2019)(quoting *Stephens v. Geoghegan*, 702 So. 2d 517, 527 (Fla. 2d DCA 1997)). In *Braden Woods*, among other defendants, plaintiffs sued the Director of Building and Developmental Services for Manatee County because, in his official capacity he had approved a site plan for certain property. *Id.* at 667–68. The Second District affirmed the Director's dismissal from the lawsuit, concluding that "the suit against [the Director] in his official capacity is redundant, and he would be bound as an employee of the County by any injunctive or declaratory relief granted." *Id.* at 671.

In *De Armas v. Ross*, 680 So. 2d 1130 (Fla. 3d DCA 1996), the Third District explained why it was proper to dismiss a complaint alleging violation of the Whistle-blower's Act against individual police officers of the City of Miami Police Department in their official capacity, when the City itself was also a defendant in the complaint. *Id.* at 1130–32, 1130 n.1.

> Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond) . . . . *To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.*

*Id.* at 1131–32 (Fla. 3d DCA 1996) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991)).

Although *Braden Woods* and *De Armas* do not involve the Public Records Act, the argument that the claims against the Town and the Town's officials and employees are redundant is applicable to this case, as Taylor alleged the same violations committed by all the defendants and asked for the same relief from all the defendants.

In none of the cases[3] relied upon by Taylor did this court expressly hold that employees and department heads of a city or a town are proper parties to a chapter 119 enforcement action against them.

We affirm as to all other issues without further comment.

*Affirmed.*

MAY and LEVINE, JJ., concur.

*        *        *

**Not final until disposition of timely-filed motion for rehearing.**

---

[3] *Mintus v. City of W. Palm Beach*, 711 So. 2d 1359 (Fla. 4th DCA 1998); *O'Boyle v. Town of Gulf Stream*, 257 So. 3d 1036 (Fla. 4th DCA 2018); *Puls v. City of Port St. Lucie*, 678 So. 2d 514 (Fla. 4th DCA 1996).